UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EqualNet Inc., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-04-3895 |
| § | |
| Jorge Bellas § | |
| and § | |
| Telefyne Inc., § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the Court are Defendant's motion to compel, Docket No. 19, and Plaintiff's motion to compel, Docket No. 22. After considering the parties' motions and the applicable law, the Court finds that each motion should be **GRANTED IN PART** and **DENIED IN PART**. The Court addresses each disputed discovery request in turn.

**I.    DEFENDANTS' REQUESTS**

Interrogatory No. 4: If you contend that either of the Defendants committed fraud against Equalnet, please identify such fraud by specifying the Defendant who committed such fraud, each fraudulent representation or act made to Equalnet, each person making the fraudulent misrepresentation or who committed a fraudulent act and each person to whom any fraudulent representation was made or fraudulent act was committed against.

Plaintiff's Response: Plaintiffs have alleged that Defendant Bellas fraudulent [sic] induced EqualNet into acquiring assets from an entity that did not own the assets, and that it was represented that the assets and the business had a value which they may not have had. EqualNet paid at least $400,000 in case and issued a promissory note for the balance of the purchase price. EqualNet has been damages in at least the amount of the $550,000 purchase price it paid for assets that were never transferred to EqualNet, because the transferor was non-existent. These allegations are still under investigation.

Plaintiff's Current Position: It is impossible to respond more fully to this interrogatory given the fact that Defendants have failed to respond to Plaintiff's discovery requests in any meaningful fashion. Moreover, Defendants unilaterally "scrubbed" the deposition of Mr. Bellas scheduled in early July for August 12, 2005.

| |
|---|
| Ruling: The Federal Rules of Civil Procedure require a plaintiff alleging fraud to plead "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."  *Tuchman v. DSC Comm'cns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (internal quotation marks omitted; alteration in original).  Any argument that Plaintiff cannot provide Defendants with such information undermines both the sufficiency of Plaintiff's Complaint and the good faith in which it asserts its claims.  The Court therefore **ORDERS** Plaintiff to provide the information requested in Defendants' Interrogatory No. 4. |
| Interrogatory No. 6: If you contend that either of the Defendants damaged Plaintiff by any breach of contract, tortious interference with contract or business relationship, or fraud, please specify the amount of damages caused by such actions.

Plaintiff's Response: As a result of the tortuous [sic] conduct of Defendants Telefyne, Bellas and other employees or officers acting at their direction, EqualNet has lost its business.  The value of the business was at least the amount EqualNet paid Teledirect in May 2003, $550,000.00.  However the damages question is still under investigation, and this is not a final number.

Plaintiff's Current Position: The other component of damages is the losses due to the failure to comply with the "most favored nations clause" which cannot be responded to until Defendants provide Plaintiff with the information that will enable Plaintiff to calculate the damages.  Specifically, *see* Response to Interrogatory No. 3—no response has been made as of this date; Response to Interrogatory No. 4—Defendants do not intend on responding to this interrogatory; and Response to Request for Production No. 4—no documents produced as of this time.  One wonders how Defendants expect Plaintiff to respond to this interrogatory given the fact that no documents have been produced and no depositions of Defendants have been taken.

Ruling: In response to Plaintiff's motion to compel, addressed below, Defendants will be required to produce information and documents reflecting the "most favored nation" rate.  Upon receipt of this information, Plaintiff is **ORDERED** to calculate the total amount of damages claimed and to disclose this information to Defendants. |
| Interrogatory No. 8: Please identify the transactions, which resulted in Equalnet asserting in its bankruptcy schedules that it owed Globalcom the amount of $206,738.

Plaintiff's Response: EqualNet is no longer in business and no longer has any staff.  Thus, this information is only available from third parties not under the control of EqualNet.  EqualNet believes that this information can be obtained by questioning Mario Hernandez, the former financial officer for EqualNet.  This interrogatory will be amended when such information has been received by EqualNet.

Plaintiff's Current Position: This answer is completely appropriate.  Plaintiff has made good faith effort to contact Mr. Hernandez, to no avail.  Furthermore, what is the relevance of this information? |

<u>Ruling</u>: In light of Plaintiff's agreement, in its original response, to provide the requested information, Plaintiff may not now object to the request on the ground that it is irrelevant. Moreover, Plaintiff's failure either to (1) amend its response to inform Defendants of Plaintiff's inability to acquire the requested information or (2) request the assistance of this Court in obtaining the information via subpoena undermines Plaintiff's assertion that it has made a good faith effort to respond fully to the interrogatory. Plaintiff is therefore **ORDERED** to provide the information requested in Defendants' Interrogatory No. 8.

Plaintiff has provided identical responses and takes identical positions with respect to the following requests:

<u>Request for Admission No. 17</u>: To make the payment of $400,000 in cash due on the Effective Date, Equalnet obtained a capital contribution in the amount of $140,000 from GlobalCom.

<u>Request for Admission No. 19</u>: Other than the capital contribution of $140,000 provided by GlobalCom to pay portion [sic] of the purchase price due on the Effective Date, no capital was ever contributed to Equalnet by GlobalCom.

<u>Request for Admission No. 20</u>: Other than the loan of $260,000 borrowed from Ciera, no other loan was made to Equalnet by any affiliate of Equalnet.

<u>Request for Admission No. 52</u>: During the week of December 22, 2003, Equalnet paid only $20,000 of this amount.

<u>Request for Admission No. 55</u>: Nothing was ever paid on the invoice of December 26, 2003.

<u>Request for Admission No. 59</u>: Nothing was ever paid on the invoice of December 31, 2003.

<u>Request for Admission No. 68</u>: On Monday, January 5, 2004, Equalnet's employees returned to work at their offices in Pace, Florida and continued the operation of Equalnet's Debit Card and Cellular Business.

<u>Request for Admission No. 70</u>: All payroll checks issued by Equalnet on Friday, January 2, 2004, were allowed to clear Equalnet's bank account after commencement of the Bankruptcy case.

<u>Request for Admission No. 71</u>: When the Bankruptcy Case was commenced, Equalnet was overdue in paying Telefyne about $94,813.25 for Telecommunications Services which had been invoiced on December 19, 2003 and December 26, 2003.

<u>Request for Admission No. 76</u>: When the Bankruptcy Case was commenced, the indebtedness due by Equalnet to Textron in the principal amount of $260,000 had been accelerated and was due and payable.

Request for Admission No. 97: After Equalnet commenced its Bankruptcy Case, it never made any payments to Telefyne.

Plaintiff's Response to Each Request: EqualNet can neither admit nor deny this because the facts are still under investigation.

Plaintiff's Current Position Regarding Each Request: First of all, the relevance of the requested admission is questionable. Second, the answer is completely appropriate. Mario Hernandez was the CFO. He would have such information. He is not under the control of the Plaintiff. Plaintiff is no longer an operating company and has no employee who can answer this question. Plaintiff has made a good faith effort to discuss these matters with Mr. Hernandez to no avail.

Ruling: In light of Plaintiff's agreement, in its original response, to investigate the facts underlying the requested admissions, Plaintiff may not now object to the requested admissions on the ground that they are irrelevant. Moreover, Plaintiff's failure either to (1) amend its responses to inform Defendants of Plaintiff's inability to acquire the necessary information or (2) request the assistance of this Court in obtaining the information via subpoena undermines Plaintiff's assertion that it has made a good faith effort to respond fully to the requests for admission. Plaintiff is therefore **ORDERED** to admit or deny the allegations set forth in Defendants' Requests for Admission Nos. 17, 19, 20, 52, 55, 59, 68, 70, 71, 76, and 97.

Request for Admission No. 33: Telefyne would bill Equalnet weekly based on the number of minutes used by consumers during the seven preceding days in making telephone calls.

Plaintiff's Response: EqualNet can neither admit nor deny this because the facts are still under investigation.

Plaintiff's Current Position: Same argument as above. Furthermore, Plaintiff asked for the invoices delivered by Telefyne to EqualNet, from which such a determination could be made, and such information has not been produced.

Ruling: In light of Plaintiff's agreement, in its original response, to investigate the facts underlying the requested admission, Plaintiff may not now object to the requested admission on the ground that it is irrelevant. In response to Plaintiff's motion to compel, addressed below, Defendants will be required to produce records containing the requested information. Upon receipt of these records, Plaintiff is **ORDERED** to admit or deny the allegation set forth in Defendants' Request for Admission No. 33.

Request for Admission No. 69: When the Bankruptcy Case was commenced, Equalnet's checking account at Sterling Bank in Houston, Texas had a balance of $17,304 and Equalnet's checking account at Amsouth Bank in Pace[,] Florida had a balance of $5,918, as reflected on Schedule B of the Schedules filed by Equalnet in the Bankruptcy Case.

Plaintiff's Response: EqualNet can neither admit nor deny this because the facts are still under investigation.

<u>Plaintiff's Current Position</u>: Plaintiff will amend its answer to this request for admission.

<u>Ruling</u>: Pursuant to the agreement of the parties, Plaintiff is **ORDERED** to admit or deny the allegation set forth in Defendants' Request for Admission No. 69.

## II.    PLAINTIFF'S REQUESTS

<u>Request for Production No. 2</u>: Please produce any wire transfer information reflecting payments by or on behalf of CDG to Defendants or any of Defendants' representatives from May 2003 to February 2004.

<u>Defendants' Response</u>: Defendants will produce documents responsive to this request.

<u>Defendants' Current Position</u>: Defendants are in the process of gathering responsive documents.

<u>Ruling</u>:  Pursuant to the agreement of the parties, Defendants are **ORDERED** to produce the information described in Request for Production No. 2.

<u>Interrogatory No. 3</u>: Please identify the records of any of the Defendants which would contain the pricing or rates for calling card services charged to EqualNet from May 2003 to February 2004.

<u>Defendants' Response</u>: Defendants are currently in the process of identifying such records and will supplement their response to this Interrogatory as soon as practicable.

<u>Defendants' Current Position</u>:  Defendants are in the process of gathering responsive documents.

<u>Ruling</u>: Pursuant to the agreement of the parties, Defendants are **ORDERED** to provide the information requested in Interrogatory No. 3.

<u>Interrogatory No. 4</u>: Please identify the records of any of the defendants which would contain the pricing or rates for calling card services charged to other customers of Defendants from May 2003 to February 2004.

<u>Defendants' Response</u>: Defendants object to Interrogatory No. 4 on the grounds that the Plaintiff's request for information regarding "other customers of Defendants" is overly broad, overly burdensome, and calls for the disclosure of confidential and highly sensitive trade secrets.

<u>Defendants' Current Position</u>: Defendants have lodged valid objections, to which the Plaintiff has neither responded nor attempted to conference with Defendants' counsel.

<u>Ruling</u>: The pricing and rate information requested is necessary for the determination of the amount of damages, if any, associated with Plaintiff's "most favored nation" claim. That determination does not, however, require the disclosure of the identities of

| |
|---|
| Defendants' customers. Defendants are, therefore, **ORDERED** to provide Plaintiff with the information requested in Plaintiff's Interrogatory No. 4, omitting only the customer names. Defendants are **ORDERED** to provide the Court with a response to Plaintiff's Interrogatory No. 4 that includes the customer names. The response provided to the Court is for *in camera* review only. |
| Request for Production No. 4: Please produce copies of all records identified in Interrogatories 3 and 4.<br><br>Defendants' Response: Documents responsive to Interrogatory No. 3 will be produced as soon as practicable, following their identification and review. With respect to documents requested in response to Interrogatory No. 4, the Defendants incorporate their previous objections with respect to such interrogatory.<br><br>Defendants' Current Position: Defendants are in the process of gathering documents responsive to the request for documents identified in Interrogatory No. 3, and have lodged a valid objection to the request for documents identified in Interrogatory No. 4.<br><br>Ruling: Pursuant to the agreement of the parties, Defendants are **ORDERED** to produce the documents identified in Plaintiff's Interrogatory No. 3. Defendants are also **ORDERED** to produce redacted copies to Plaintiff (omitting only customer names), and non-redacted copies to the Court, of the documents identified in Plaintiff's Interrogatory No. 4. |
| Request for Production No. 17: Please produce copies of all business records of EqualNet that you have in your possession, including[,] but not limited to, general ledgers, financial statements, accounts payable, accounts receivable, projections, customer lists, computer programs, [and] financial statements.<br><br>Defendants' Response: Defendants do not have EqualNet's business records. Furthermore, Plaintiff seeks production of documents already in Plaintiff's possession. Thus, the document request is unreasonably cumulative and duplicative, and the documents requested are obtainable from a source—the Plaintiff—that is more convenient, less burdensome, and less expensive.<br><br>Defendants' Current Position: The Plaintiff cannot seriously believe that this Court should compel the Defendants to produce **the Plaintiff's own** business records.<br><br>Ruling: At the outset, the Court notes that Plaintiff's motion characterizes the first sentence of Defendants' response—the statement that Defendants do not have EqualNet's business records—as the entirety of the response. The Court takes this opportunity to remind Plaintiff that each and every one of its representations to the Court is to be complete and accurate. The Court also notes that Plaintiff does not explicitly claim not to have copies of its own financial records. Accordingly, Plaintiff's motion to compel a response to Request for Production No. 17 is **DENIED**. Plaintiff may resubmit the request accompanied by a sworn affidavit confirming that Plaintiff does not possess copies of the records. |

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 14th day of December, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**